Keith Beauchamp (012434)
Andrew T. Fox (034581)
COPPERSMITH BROCKELMAN PLC
2800 N Central Avenue, Suite 1900
Phoenix, AZ 85004
Telephone: 602.381.5494
kbeauchamp@cblawyers.com
afox@cblawyers.com

*Attorneys for Defendant Early Warning Services, LLC*

[Additional counsel on signature page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Consumer Financial Protection Bureau,

Plaintiff,

vs.

Early Warning Services, LLC; Bank of America, N.A.; JPMorgan Chase Bank, N.A.; and Wells Fargo Bank, N.A.,

Defendants.

Case No. 2:24-cv-03652-SMB

**MOTION TO SEAL COMPLAINT**

Defendants Early Warning Services ("EWS"), Bank of America, N.A. ("Bank of America"), JPMorgan Chase Bank, N.A. ("Chase"), and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, "Defendants") file this Motion to Seal Complaint seeking an order permanently sealing certain portions of the Complaint filed by Plaintiff Consumer Financial Protection Bureau ("the Bureau") on December 20, 2024. Defendants do not oppose unsealing the vast majority of the paragraphs that were originally redacted by the Bureau and are now temporarily sealed. As to the handful of paragraphs identified in this Motion, however, Defendants submit respectfully that the material should remain sealed to avoid disseminating information that bad actors may exploit in connection with their efforts to perpetrate fraud against consumers and financial institutions.

Bank of America, Chase, Wells Fargo, and four other banks own EWS. Exhibit A, Declaration of Mary-Helen McElfresh ¶ 4. EWS operates a peer-to-peer payments network known as "Zelle" or the "Zelle Network." *Id.* ¶ 5. Over 2,200 financial institutions participate in the Zelle Network, including Bank of America, Chase, and Wells Fargo. *Id.* EWS and the participants in the Zelle Network have developed confidential procedures and practices for operating the Zelle Network to help mitigate the risk of fraud and scams. EWS and financial institution participants have also developed and implemented extensive countermeasures to detect and prevent fraud and scams, some of which are alleged in the Complaint. *Id.* ¶ 7. If the few portions of the Complaint specifically alleging these countermeasures were made public, they would provide bad actors with information they could use to circumvent the countermeasures utilized by EWS and the over 2,200 financial institutions on the Zelle Network. *Id.* ¶ 8. Accordingly, Defendants move to seal those portions of the Complaint highlighted in gray as identified in Exhibit B (lodged under seal with Defendants' Motion to Seal Exhibit B to Motion to Seal Complaint). Defendants do not seek to maintain under seal previously redacted portions of the Complaint that are not identified in Exhibit B.

**PROCEDURAL BACKGROUND**

On December 20, 2024, the Bureau filed a Complaint against Defendants. (Doc. 1). The publicly available version of the Complaint contains redacted text. The Bureau also filed an unredacted version of the Complaint and an accompanying Motion to Temporarily Seal Complaint. (Doc. 5). On January 8, 2025, Plaintiff and Defendants filed a Stipulation re Plaintiff's Motion to Temporarily Seal Complaint seeking an order temporarily sealing the unredacted Complaint and setting forth a briefing schedule for Defendants' motion to seal. (Doc. 14). On January 14, 2025, the Court entered the stipulated order temporarily sealing the unredacted version of the Complaint and giving Defendants 14 days "to file motions seeking to continue sealing the unredacted Complaint or portions thereof." (Doc. 19). Defendants conferred with the Bureau on January 24,

2025 regarding this Motion and the parties were unable to agree at that time about which portions of the Complaint should remain under seal.

**ARGUMENT**

A party seeking to seal a judicial record must identify "compelling reasons" to overcome the presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The district court has broad discretion to determine what constitutes a "compelling reason." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) (stating that "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case"). "In general, 'compelling reasons' sufficient to … justify sealing court records exist when such 'court files might have become a vehicle for improper purposes'" which includes the potential promotion of illegal activity. *Kamakana*, 447 F.3d at 1179.

Defendants seek to continue to seal detailed confidential information in the unredacted Complaint identified in Exhibit B about the operation of the Zelle Network, including fraud and scam countermeasures, as well as procedures for investigating Zelle transfers potentially resulting from fraud or scams, which, if publicly disclosed, could assist bad actors in perpetrating and getting away with fraud and scams against consumers and financial institutions. Courts in this circuit have routinely granted motions to seal information in filings pertaining to financial institutions' fraud-prevention efforts under the rationale that such information could "become a vehicle for improper purposes if made public," namely by "assist[ing] third parties in perpetrating fraud and evading [the company's] anti-fraud methods." *Garcia v. Navy Fed. Credit Union*, No. 23-CV-2017-MMA-BLM, 2024 WL 5227731, at *2 (S.D. Cal. Dec. 26, 2024). For example, courts have sealed information regarding a bank's internal procedures for investigating alleged incidents of fraud because disclosure "may impede [the bank's] ability to identify and combat future instances of fraud" and presents "a significant danger that someone could improperly use this information to commit fraud and avoid detection." *Soria v. U.S. Bank*

*N.A.*, Case No. SACV 17-00603-CJC(KESx), 2019 WL 8167925, at *4 (C.D. Cal. Apr. 25, 2019); *see also Clark v. InComm Fin. Servs., Inc.*, Case No. EDCV 22-1839 JGB (SHKx), 2024 WL 1600631, at *3 (C.D. Cal. Mar. 13, 2024) (finding compelling reasons to seal portions of declaration that included "descriptions of information and processes required to conduct searches of transactions and users on Defendant's internal systems" because "public disclosure of this information could impede Defendant's ability to combat future fraud"); *Activision Publ'g, Inc. v. EngineOwning UG*, Case No. CV 2:22-cv-00051-MWF (JCx), 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) (finding compelling reasons to seal plaintiff's anti-cheating efforts and number of accounts that have been banned using particular software, as disclosure may impede plaintiff's "ability to identify and combat future fraud"); *Cowan v. G.E. Cap. Retail Bank*, Case No. 13–cv–03935–BLF, 2015 WL 1324848, at *3 (N.D. Cal. Mar. 24, 2015) (granting motion to seal documents that "describe internal procedures for addressing cardholder fraud notifications, as well as risk management and legal compliance in investigating fraud"). Courts similarly have sealed information about the procedures banks follow in investigating transactions disputed as fraud. *See In re Bank of Am. Cal. Unemployment Benefits Litig.*, No. 21-md-02992, 2024 WL 4820704, at *6 (S.D. Cal. Nov. 12, 2024) (agreeing that documents about bank's "call center and its operations should be filed under seal for compelling reasons because disclosing information about call center operations and how they handle fraud claims and how they authenticate callers and their processes would be used to execute fraud against [the bank] and its customers").

These cases support sealing here. Defendants do not publicly disclose the details of the operations of the Zelle Network set forth in the identified paragraphs, which help to mitigate fraud and scams, nor do Defendants generally disclose their fraud and scam countermeasures or investigative procedures because this information could be exploited by bad actors seeking to evade these countermeasures. Ex. A ¶ 8. For example, if bad actors know the specific criteria the Zelle Network applies to identify and block suspicious users from sending or receiving payments with Zelle, then bad actors can tailor

their misconduct to avoid detection and restrictions. *Id.* ¶ 9. Fraud and scam countermeasures constantly evolve as bad actors adapt to existing measures. Publicizing the Complaint's most specific allegations about those measures would needlessly give bad actors a head start.

The risks of facilitating bad actors' ability to commit fraud and perpetrate scams arise from the disclosure of both current and historical practices. *Id.* ¶ 10. The risks also exist with the disclosure of both EWS and the participating institutions' practices and their limits. *Id.* Even prior fraud-prevention strategies that have evolved to address the dynamic nature of fraud and scams perpetrated by bad actors should not be made public because certain elements of those strategies may still be in use today, and their disclosure can provide insight that a bad actor could leverage to decipher current or future fraud prevention strategies. *Id.*

## CONCLUSION

For the foregoing reasons, Defendants request that this Court grant their motion to seal the limited portions of the Bureau's unredacted Complaint identified in Exhibit B.

A proposed order is lodged herewith.

DATED this 28th day of January, 2025.

COPPERSMITH BROCKELMAN PLC

By: *s/ Andrew T. Fox*
Keith Beauchamp
Andrew T. Fox

COVINGTON & BURLING LLP

D Jean Veta*
Stacey K Grigsby*
Valerie Hletko*
One City Center, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5294
jveta@cov.com
sgrigsby@cov.com
vhletko@cov.com

C. William Phillips**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: (212) 841-1000
cphillips@cov.com

PAUL HASTINGS LLP

Jonice M. Gray*
Aaron Mahler**
2050 M Street, NW
Washington, DC 20036
T: (202) 551-1700
jonicegray@paulhastings.com
aaronmahler@paulhastings.com

Matthew P. Previn*
200 Park Avenue
New York, NY 10166
T: (212) 318-6000
matthewprevin@paulhastings.com

*Admitted pro hac vice
**Pro hac vice application forthcoming

*Attorneys for Defendant Early Warning Services, LLC*

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: *s/ Matthew T. Martens (with permission)*

Matthew T. Martens*
Benjamin W. Chapin*
2100 Pennsylvania Ave. NW
Washington, DC 20037
Tel: (202) 663-6000
Matthew.Martens@wilmerhale.com
Benjamin.Chapin@wilmerhale.com

Timothy J. Perla*
60 State St.
Boston, MA 02109
Tel: (617) 526-6000
Timothy.Perla@wilmerhale.com

Noah Levine*
Denis R. Hurley*
7 World Trade Center
250 Greenwich St.
New York, NY 10007
Tel: (212) 230-8800
Noah.Levine@wilmerhale.com
Denis.Hurley@wilmerhale.com

*Pro hac vice application forthcoming

SNELL & WILMER L.L.P.

Barbara Dawson
Gregory J. Marshall
1 E. Washington St., Suite 2700
Phoenix, Arizona 86004-2556

*Attorneys for Defendant Bank of America, N.A.*

WILLIAMS AND CONNOLLY, LLP

By: *s/ Jesse T. Smallwood (with permission)*

Enu Mainigi (*pro hac vice*)
Jesse T. Smallwood (*pro hac vice*)

GREENBERG TRAURIG, LLP

Nicole M. Goodwin
Matthew P. Hoxsie
2375 E. Camelback Road, Suite 800
Phoenix, Arizona 85016

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

KING & SPALDING LLP

By: *s/ Jamie Dycus (with permission)*

Jamie Dycus (*pro hac vice*)
David Lesser (*pro hac vice*)
1185 Avenue of the Americas
New York, New York 10036

Paul Alessio Mezzina (*pro hac vice*)
1700 Pennsylvania Ave. NW
Washington, D.C. 20006

OSBORN MALEDON, P.A.

David B. Rosenbaum
Joseph N. Roth
Joshua J. Messer
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012

*Attorneys for Defendant Wells Fargo Bank N.A.*